## C. P. COATS V. THE STATE.

No. 3227.  Decided October 25, 1905.

**Local Option—C. O. D. Sale—Place of Sale—Venue.**

On trial for a violation of the local option law, the evidence showed that defendant took an order from prosecutor for whisky in local option territory as agent of a third party, who lived in another county from where the whisky was shipped C. O. D. by express to the prosecutor in the local option county, where he paid for the whisky and the charges to the express company. Held no violation of the local option law in the county of the prosecutor.

Appeal from the County Court of Nacogdoches.  Tried below before Robert Berger.

Appeal from a conviction of the violation of the local option law; penalty, fine of $25 and twenty days confinement in the county jail.

No brief of either party has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, his punishment being fixed at a fine of $25 and twenty days confinement in the county jail. The facts show that appellant, in Nacogdoches, Nacogdoches County, where local option was in force, took an order from prosecutor for a half gallon of whisky; and at the time he was acting as the agent of Doggett, who lived at Lufkin, Angelina County. The order provided that the goods were to be shipped C. O. D. by Doggett from Lufkin. After the order was taken, the half gallon of whisky was shipped by express C. O. D. from Lufkin to prosecutor at Nacogdoches, where prosecutor paid for the whisky and the charges to the express company. Under the decisions of the majority of the court in Sedgwick v. State, 12 Texas Ct. Rep., 455; and Keller v. State, 13 Texas Ct. Rep., 264, this is not a sale in Nacogdoches County, and is not a violation of the local option law in that county. Accordingly the judgment is reversed and the cause remanded.

*Reversed and remanded.*